



FILED

MAR 29 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-34998-C-7 |
| ) | |
| TWILA FERN MEADOWS, ) | MC No. BLB-1 |
| ) | |
| Debtor. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed her voluntary chapter 7 petition on October 10, 2005. She scheduled a 1991 Fleetwood Mobile Home ("property") as property of the estate. Debtor claimed no exemption in the property. The first meeting of creditors was held on December 14, 2005. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtor. The court observes that debtor was discharged from all dischargeable debts on February 20, 2006.

On February 24, 2006, Tri Counties Bank, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose the property. The value of the property is approximately $32,000. Movant holds a lien on the property in the approximate amount of $22,177.09. The court is not aware of any other liens against the property. On February 24, 2006, movant and trustee filed a stipulation stating that the trustee has no objection to movant's motion. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic

stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Because the debtor was granted a discharge, the motion for relief from the automatic stay is moot as to the debtor. Thus, the motion will be denied.

However, because the chapter 7 trustee has no objection to the motion, the motion will be granted as to the trustee.

An appropriate order will issue.

Dated: March 29, 2006

UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Twila Fern Meadows
3540 Julie Lane
Anderson, CA 96007

Fredrick Clement
1300 West Street #C
Redding, CA 96001

Michael Dacquisto
P.O. Box 992631
Redding, CA 96099

Bruce L. Belton
P.O. Box 992570
Redding, CA 96099-2570

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814


Dated: 3·31·06

_____
Deputy Clerk